**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **AARON RAISER,** | **REPORT AND RECOMMENDATION ON SPANISH FORK CITY'S MOTION TO DISMISS** |
| **Plaintiff,** | |
| **v.** | |
| **UTAH COUNTY, ELDON PACKER, in his individual capacity, OWEN SHIVENDECKER, in his official capacity, SPANISH FORK CITY, and STATE OF UTAH,** | **Case No. 2:02cv1209** |
| | **District Judge Paul G. Cassell** |
| **Defendants.** | **Magistrate Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Defendant Spanish Fork City's ("Spanish Fork") Motion to Dismiss.[1]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to United States District Court for the District of Utah Rule of Practice 7-1(f), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.[2]

## I.  Background

Aaron Raiser ("Plaintiff") filed this 42 U.S.C. § 1983 action against Utah County, Eldon Packer, Owen Shivendecker, the State of Utah, and Spanish Fork.  Plaintiff contends, inter alia,

---

[1]Docket No. 96.

[2]*See* DUCivR 7-1(f).

that on January 22, 2002, he was at the Utah County Jail to obtain an offense tracking number ("OTN") and was not under arrest.  Plaintiff states that after getting his fingerprints taken for the OTN, Utah County Jail personnel (the "jail personnel") refused to allow him to leave without transportation even though he was otherwise free to leave.  Plaintiff asserts that the jail personnel were acting pursuant to a Spanish Fork ordinance (the "Ordinance") which makes it "a class B misdemeanor for any correctional officer or employee of the jail or other place of incarceration to release inmate, prisoner, or suspect, without first arranging and assuring that the person being released has adequate transportation available to leave the facility by means other than walking."[3] The Utah County Jail is located in Spanish Fork.

## II.  Motion to Dismiss

A complaint should not be dismissed under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4]  When making this determination, courts assume that a "plaintiff's factual allegations are true and construe[ ] them in the light most favorable to the plaintiff."[5]  In addition, courts view a pro se plaintiff's pleadings liberally, holding them "to a less stringent standard than formal pleadings drafted by lawyers."[6]

---

[3]Spanish Fork City Ordinance 9.12.080.

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991) (quotations and citations omitted).

[5]*Id*. (citations omitted).

[6]*Id*. at 1110.

2

Plaintiff alleges that Spanish Fork violated his Fourth Amendment right to be free from unreasonable seizure by enacting the Ordinance.  Section 1983 provides, in relevant part:

> Every person, who under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .[7]

The United States Supreme Court has held that "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[8]  The Court, however, also held that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."[9]

Spanish Fork argues that because Plaintiff has not asserted that Spanish Fork or any of its agents took specific action against him, his complaint fails to adequately allege that Spanish Fork violated his Fourth Amendment rights.  Specifically, Spanish Fork contends that Plaintiff has not alleged that (1) Spanish Fork owns or operates the jail, (2) a Spanish Fork employee took him to the jail or preventing him from leaving the jail, (3) Spanish Fork did anything to enforce the ordinance, or (4) the ordinance caused him any harm.  Spanish Fork also asserts that the jail

---

[7]42 U.S.C. § 1983.

[8]*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

[9]*Id*. at 691.

3

personnel were acting under the Utah County Jail's independent policy when they refused to let him leave the jail.  Thus, Spanish Fork concludes that it should be dismissed from Plaintiff's case.

The court, however, does not agree.  Because the court is required to view the allegations in Plaintiff's complaint as true and construe them in a light most favorable to Plaintiff, the court should not dismiss Spanish Fork from the case.  Plaintiff's complaint is sufficient to survive a motion to dismiss as Plaintiff has alleged that the Ordinance is unconstitutional and that it was the moving force behind the actions of the jail personnel.[10]  Accordingly, based on the foregoing, the court RECOMMENDS that Spanish Fork's motion be DENIED.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 19th day of March, 2007.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[10]*See id*. at 690.