# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UTAH COUNTY, ELDON PACKER, in his individual capacity, OWEN SHIVENDECKER, in his official capacity, SPANISH FORK CITY, and STATE of UTAH,<br><br>　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Civil No. 2:02-cv-1209<br><br>Judge Paul G. Cassell |

　　　　Before the court is the Report and Recommendation (R&R) [#118] issued by United States Magistrate Judge Warner on March 20, 2007, recommending that the court deny Spanish Fork City's motion to dismiss [#96].

　　　　Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court has made a *de novo* determination upon the record of the portions of Magistrate Judge Warner's disposition to which the court has received specific written objections. Although Spanish Fork City timely filed objections in which it requests the court to reject the R&R, the court finds no merit to these objections and finds that the record fully supports the R&R.

　　　　Spanish Fork City's objections center around claims that Aaron Raiser has not alleged Spanish Fork or its personnel implemented or executed the allegedly unconstitutional ordinance at issue — a necessary component of a suit against local governing bodies pursuant to 42 U.S.C.

§ 1983.[1]  But Mr. Raiser makes exactly this allegation.  He contends Spanish Fork City enacted the allegedly unconstitutional ordinance and that Utah County personnel acted in compliance with this ordinance when wrongfully detaining him.  It is unclear to the court how Spanish Fork City can claim enactment of an ordinance somehow fails to qualify as implementation of that ordinance.

Spanish Fork also claims it cannot be held liable under § 1983 for Utah County personnel's actions taken pursuant to Spanish Fork's unconstitutional ordinance.  In other words, Spanish Fork contends that because Utah County employees, not Spanish Fork employees, allegedly violated Mr. Raiser's rights (albeit pursuant to Spanish Fork's ordinance), Spanish Fork cannot face § 1983 liability.  In its objections to the R&R, Spanish Fork cites only to one line of *Monell v. Department of Social Services* in an attempt to support this argument:

> Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.[2]

The courts fails to see how this forecloses Mr. Raiser's claim against Spanish Fork.  Indeed, Mr. Raiser's claim seems to fit soundly within it — Mr. Raiser asserts the allegedly unconstitutional action (jail personnel's detainment of him) executes an ordinance officially adopted and promulgated by Spanish Fork officials.

The cases Spanish Fork cites in its motion to dismiss are similarly unsupportive of its claim.  For example, Spanish Fork cites a case indicating that in absence of a constitutional

---

[1] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

[2] *Id.* at 690.

violation, a city cannot be held liable, even if its policies were unconstitutional.[3] But Mr. Raiser has alleged a constitutional violation occurred, and has alleged that it occurred because of Spanish Fork's ordinance.  Spanish Fork also implies that Utah County employees made a private choice to follow Spanish Fork's ordinance, so their acts did not constitute "state action." Significantly, though, the ordinance is directed exclusively at jail personnel and provides for a criminal penalty to jail employees who violate it.  Therefore, with regard to this "state action" issue, Spanish Fork has not shown Mr. Raiser's claims to be so inadequate that the court can say it is beyond doubt that he can prove no set of facts entitling him to relief from Spanish Fork.  As Judge Warner observed, Mr. Raiser has alleged the Spanish Fork ordinance acted as the moving force behind the actions of the jail officers — he may be able to prove the officers acted, officially, on behalf of Spanish Fork by executing it.

Consequently, the court ADOPTS the R&R [#118] and DENIES Spanish Fork City's motion to dismiss [#96].

DATED this 10th day of April, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[3] *See Trigalet v. City of Tulsa*, 239 F.3d 1150, 1155 (10th Cir. 2001).