IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON RAISER,<br><br>        Plaintiff,<br>v.<br><br>UTAH COUNTY; ELDON PACKER, in his individual capacity; OWEN SHIVENDECKER, in his official capacity; SPANISH FORK CITY; and STATE OF UTAH;<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:02cv1209<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are the following motions: (1) Aaron Raiser's ("Plaintiff") motion to reconsider the court's June 26, 2007 order denying Plaintiff's motion for rule 11 sanctions,[2] (2) Plaintiff's motion to reconsider the court's August 29, 2007 order granting Spanish Fork City's ("Spanish Fork") motion to stay briefing on Plaintiff's motion for summary judgment,[3] (3) Plaintiff's motion for leave to file a surreply to

---

[1] This case was previously assigned to District Judge Paul G. Cassell, *see* docket no. 82, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B).  *See* docket no. 89.  In November 2007, this case was reassigned to District Judge Benson, *see* docket no. 176, who affirmed that order of reference.  *See* docket no. 177.

[2] *See* docket no. 129.

[3] *See* docket no. 149.

Spanish Fork's motion to stay briefing,[4] (4) Plaintiff's amended motion to reconsider the court's August 29, 2007 order granting Spanish Fork's motion to stay briefing on Plaintiff's motion for summary judgment,[5] (5) Plaintiff's amended motion to reconsider the court's June 26, 2007 order denying Plaintiff's motion for rule 11 sanctions,[6] and (6) Plaintiff's motion for leave to file an amended reply to Plaintiff's motion for summary judgment.[7]  Because Plaintiff is proceeding pro se, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

### A.  Plaintiff's Motions to Reconsider

Plaintiff moves this court to reconsider previously issued orders.  Specifically, Plaintiff has filed a motion[8] and an amended motion[9] to reconsider the court's June 26, 2007 order

---

[4] *See* docket no. 155.

[5] *See* docket no. 163.

[6] *See* docket no. 165.

[7] *See* docket no. 173.

[8] *See* docket no. 129.

[9] *See* docket no. 165.

denying Plaintiff's motion for rule 11 sanctions. Plaintiff has also filed a motion[10] and an amended motion[11] to reconsider the court's August 29, 2007 order granting Spanish Fork's motion to stay briefing on Plaintiff's motion for summary judgment.

It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). "Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). However, a motion for reconsideration is an

> inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

None of Plaintiff's arguments persuade the court that its prior orders were erroneous. In the motions seeking reconsideration of the court's June 26, 2007 order, Plaintiff rehashes his prior positions. To the extent that he advances new arguments, such arguments were available to Plaintiff at the time of the original motion. Plaintiff's arguments consist of disagreements with the court's conclusions and a rehashing of issues already dealt with by the court. Plaintiff has

---

[10] *See* docket no. 149.

[11] *See* docket no. 163.

not demonstrated any issues on which the court misapprehended the facts or misunderstood Plaintiff's arguments. Nor has Plaintiff raised any new issues that call into question the correctness of the court's prior order.

In the motions to reconsider the court's August 29, 2007 order, Plaintiff argues that because he did not waive his claim for damages, the court should not stay briefing on Plaintiff's motion for summary judgment or Spanish Fork's cross-motion for summary judgment. However, in its report and recommendation issued on October 30, 2008, the court determined that Plaintiff had not waived his claim for damages and recommended that Judge Benson stay Plaintiff's motion for summary judgment pending discovery on his claim against Spanish Fork. This court also recommended that Spanish Fork's cross-motion for summary judgment be denied. Accordingly, this court concludes that Plaintiff's motions to reconsider the August 29, 2007 order have become moot.

Based on the foregoing, the court declines to exercise its discretion to reconsider its June 26, 2007 order. As such, Plaintiff's motions to reconsider the court's June 26, 2007 order[12] are **DENIED**. The court further concludes that Plaintiff's motions to reconsider the court's August 29, 2007 order[13] have been rendered **MOOT**.

### B. Plaintiff's Motions for Leave File Documents

Plaintiff moves this court for leave to file (1) a surreply to Spanish Fork's motion to stay briefing and (2) an amended reply memorandum in support of Plaintiff's motion for summary

---

[12] *See* docket nos. 129 and 165.

[13] *See* docket nos. 149 and 163.

judgment.  The court concludes that based on its report and recommendation issued October 30, 2008, these motions have become **MOOT**.  The court has recommended that Judge Benson grant Spanish Fork's rule 56(f) motion and stay briefing on Plaintiff's motion for summary judgment.  Should Judge Benson adopt this court's report and recommendation, discovery will continue on Plaintiff's claims and Spanish Fork will be given another opportunity to oppose Plaintiff's motion for summary judgment.  At that time, Plaintiff may file a new reply memorandum in support of his motion for summary judgment.

In summary, Plaintiff's motions to reconsider the court's June 26, 2007 order[14] are **DENIED**, and Plaintiff's motions to reconsider the court's August 29, 2007 order[15] have been rendered **MOOT**.   In addition, Plaintiff's motions for leave to file (1) a surreply to Spanish Fork's motion to stay briefing[16] and (2) an amended reply to Plaintiff's motion for summary judgment[17] have also been rendered **MOOT**.

**IT IS SO ORDERED.**

DATED this 31st day of October, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[14] *See* docket nos. 129 and 165.

[15] *See* docket nos. 149 and 163.

[16] *See* docket no. 155.

[17] *See* docket no. 173.